J-S32017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ROY GUISEWHITE | : | |
| | : | |
| Appellant | : | No. 1694 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 23, 2021
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002578-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: NOVEMBER 1, 2022**

Appellant, David Roy Guisewhite, appeals from the judgment of
sentence of 27 to 54 months' incarceration, imposed after he pled guilty to
one count of theft by unlawful taking. On appeal, Appellant seeks to challenge
the discretionary aspects of his sentence. Additionally, Appellant's counsel,
Lindsey M. Renard, Esq., seeks to withdraw her representation of Appellant
pursuant to **Anders v. California**, 386 U.S. 738 (1967), and
**Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review,
we affirm Appellant's judgment of sentence and grant counsel's petition to
withdraw.

The facts and procedural history of Appellant's case were summarized
by the trial court in its Pa.R.A.P. 1925(a) opinion. **See** Trial Court Opinion
(TCO), 1/24/22, at 1-3. Briefly, Appellant was arrested and charged with theft
by unlawful taking and related offenses based on evidence that he stole a box

truck containing Tastykake products from outside a Sheetz gas station while the driver of the truck was inside. On October 22, 2021, Appellant entered a guilty plea to the theft charge and the other charges were dismissed.

On November 23, 2021, Appellant appeared for sentencing. There, his counsel requested that the court impose a mitigated-range sentence, suggesting that Appellant's pre-trial incarceration during the height of the COVID-19 pandemic was punishment enough for his theft crime. *See* N.T. Sentencing, 11/23/21, at 2. According to defense counsel, Appellant has health issues that put him at a high risk for serious issues if he contracts COVID-19 and, therefore, Appellant suffered "a tremendous amount of anxiety" being incarcerated during the pandemic. *Id.* Appellant then spoke to the court, stating that during the 18 months he had spent in jail, there were periods "where [prisoners] didn't come out of [their] cell[s] for months on end except for 20 minutes every couple of days for a shower…." *Id.* at 3. Appellant also claimed that he had been unable to attend physical therapy for a back injury, which had worsened nerve damage he had suffered. *Id.* at 4. He also informed the court that he had other health issues that required medical care outside of prison, including high blood pressure. *Id.* For these reasons, Appellant asked the court to impose a mitigated-range sentence so he could be released from incarceration forthwith.

For its part, the Commonwealth pointed out that, at the time he committed the instant theft, Appellant was on parole for a felony burglary and

also had a warrant out for his arrest based on a technical violation of his parole. *Id.*

Ultimately, the court stated that it had considered the pre-sentence investigation (PSI) report, and it also noted that Appellant was 62 years old. *Id.* at 4-5, 6. The court determined that a minimum sentence of 27 months' imprisonment, which was at the low-end of the standard range, was appropriate. *Id.* at 5. The court imposed a maximum sentence of 54 months' imprisonment. It also made Appellant eligible for the Recidivism Risk Reduction Incentive (RRRI) program, 61 Pa.C.S. §§ 4501-4512, and gave Appellant credit for the time he had served from May 6, 2020. *Id.* at 6-7.

Notably, Appellant did not file a post-sentence motion. Instead, he filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his Rule 1925(b) statement, Appellant raised a single issue: "[Appellant] believes the [c]ourt abused its discretion by not sentencing him to a mitigated range sentence." Pa.R.A.P. 1925(b) Statement, 1/18/22, at 1 (single page). The trial court filed a Rule 1925(a) opinion on January 24, 2022.

Attorney Renard subsequently filed with this Court an *Anders* brief and, later, a petition to withdraw from representing Appellant. Counsel has concluded that the single sentencing issue that was raised in Appellant's Rule 1925(b) statement is frivolous, and that he has no other, non-frivolous issues that counsel could assert herein. Accordingly,

- 3 -

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Renard's ***Anders*** brief substantially complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. Counsel also explains her reasons for reaching that determination and supports her rationale with citations to the record and pertinent legal authority. Attorney Renard also states in her petition to withdraw that she has supplied Appellant with a copy of her ***Anders*** brief. Additionally, she attached a letter directed to Appellant to her petition to withdraw, in which she informed Appellant of the rights enumerated in ***Nischan***. To date, this Court has not received a *pro se* response from Appellant. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Appellant seeks to argue that the trial court abused its discretion by imposing a standard-range sentence, rather than a term of incarceration in the mitigated range. Appellant's issue implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)…. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003)….
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal and, although Attorney Renard has failed to include a Pa.R.A.P. 2119(f) statement in her *Anders* brief, this Court has overlooked such an omission when counsel is seeking to withdraw. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.") (citations omitted).

However, we cannot overlook Appellant's failure to preserve his sentencing claim before the trial court orally at the time of the sentencing proceeding, or in a written, post-sentence motion. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted). Consequently, Appellant's sentencing challenge is waived.

Even had Appellant preserved his issue, we would agree with Attorney Renard that Appellant's sentencing claim is frivolous on the merits. It is well-settled that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, we have stated that,

> [w]here the sentencing court had the benefit of a … []PSI[ report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."

> Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement.

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (internal citations omitted).

In this case, the court stated that it considered the PSI report, and it ultimately imposed a standard-range sentence at the low-end of the guideline range. Appellant expressed to the court his desire for a mitigated-range sentence, and offered his reasons for believing such a sentence was warranted in this case. However, the court also heard from the Commonwealth that Appellant committed the present theft crime while on parole, and with a warrant out for his arrest for a technical violation of his parole conditions. The court also considered that Appellant continued to commit crimes, even at the age of 62 years old. Based on this record, we presume the court considered the mitigating factors and Appellant's character, and imposed an appropriate, standard-range term of incarceration. Thus, we would discern no basis for deeming the court's sentence an abuse of its discretion.

As our review of the record reveals no other, non-frivolous claims that Appellant could raise herein,[1] we affirm his judgment of sentence and grant counsel's petition to withdraw.

_____

[1] We note that Attorney Renard adds a second issue in her appellate brief, stating that the court would not have allowed Appellant to withdraw his guilty plea had he filed a motion to do so. It is unclear why Attorney Renard is mentioning this issue, as it is obviously waived based on Appellant's failure to
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/01/2022

_____

raise it before the trial court in a motion to withdraw his plea, or in his Rule 1925(b) statement.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").  **See also** Trial Court Order, 12/28/21, at 1 ("Any issue not properly included in the concise statement timely filed and served pursuant to Rule 1925(b) shall be deemed to be waived."); **Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) (holding that, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[;] … therefore, we look first to the language of that order") (citations omitted).  Thus, this issue is patently frivolous, and we decline to analyze it further.